IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HENRY, ) | |
| ) | Civil Action No. 08 - 1389 |
| Petitioner, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| SUPERINTENDENT ROBERT ) | |
| SHANNON; THE DISTRICT ATTORNEY ) | |
| OF THE COUNTY OF FAYETTE; and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. | |

**MEMORANDUM OPINION**

Petitioner, Michael Bryant Henry, filed this Petition for Writ of Habeas Corpus in accordance with 28 U.S.C. § 2254. He is challenging his conviction in the Court of Common Pleas of Fayette County, Pennsylvania, for Murder in the First Degree and Criminal Conspiracy for which he is presently serving a life sentence. This is not Petitioner's first habeas corpus petition filed in this Court. On March 23, 2000, Petitioner filed a petition for writ of habeas corpus in this Court (docketed at Civ. A. No. 00-558), wherein he attacked the same conviction he is challenging in his current action. On June 26, 2001, an order was entered dismissing the Petition as untimely and denying a certificate of appealability, based on a Report and Recommendation dated May 17, 2001.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (the AEDPA), which amended 28 U.S.C. § 2244(b) (3)to read as follows:

> (3)(A)  Before a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in the

> appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B)  A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C)  The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D)  The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E)  The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3) (amended Apr. 24, 1996).

In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petition. In his previous habeas corpus petition filed at Civ. A. No. 00-558, this Court determined that Petitioner's claims regarding his first degree murder conviction were untimely filed. The Court of Appeals for the Third Circuit affirmed this disposition on October 17, 2001 at Civ. A. No. 00-3031. Thus, Petitioner's current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b).

As a second 2254 petition, it is inappropriately before this court. As discussed above, certification by the appropriate court of appeals is necessary before a district court may review a successive 2254 petition under the new gatekeeping provisions of the AEDPA. See Burton v. Stewart, 549 U.S. 147 (2007) (holding that the District Court did not have jurisdiction to entertain a successive petition because this Court had not authorized the petitioner to file a successive habeas

petition under 28 U.S.C. § 2244(b)).  The certification requirement in 28 U.S.C. § 2254 expressly states that permission to file such a motion can only be granted by a court of appeals.  Petitioner does not state that he has been granted certification for this court to review his second 2254 petition as required by 28 U.S.C. § 2244.  Because he has not obtained such an order, this district court may not consider the merits of his motion.

A district court, faced with an unapproved second or successive habeas petition has two options.  It can dismiss the action, or transfer the action (pursuant to 28 U.S.C. § 1631) to the appropriate court of appeals for certification.  *See, e.g.*, United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998); Ceja v. Stewart, 134 F.3d 1368 (9th Cir. 1998); Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997); In re Sims, 111 F.3d 45 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339 (10th Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996); United States v. Enigwe, 1998 WL 670051 (E.D. Pa. Sept. 28, 1998).  In the interests of justice, the Court will transfer the Petition to the United States Court of Appeals for the Third Circuit.  An appropriate order follows.

          By the Court:

          /s/Lisa Pupo Lenihan
          LISA PUPO LENIHAN
          United States Magistrate Judge

cc:   MICHAEL HENRY
      CL-4845
      SCI Frackville
      1111 Altamont Boulevard
      Frackville, PA 17931